IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN EWING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-343-M-BN |
| | § | |
| RESIDENTIAL CREDIT SOLUTIONS, | § | |
| INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the case be dismissed without prejudice.

**Factual Background**

Plaintiff Benjamin Ewing, who is appearing *pro se*, sued Defendants EMC Mortgage LLC, f/k/a EMC Mortgage Corporation ("EMC"), Residential Credit Solutions, Inc. ("RCS"), and Hughes, Watters & Askanase, LLP ("HWA") (collectively, "Defendants") in Texas state court, asserting several causes of action related to an alleged attempted foreclosure on a property that Plaintiff claims to own. *See* Dkt. No. 1-1 at 9-24. EMC removed the case to this Court, with RCS's and HWA's consent*, see* Dkt. No. 1, and Defendants filed a Motion to Dismiss Complaint, *see* Dkt. No. 11. On February 25, 2013, the Court ordered Plaintiff to respond to the motion to dismiss by

March 18, 2013. *See* Dkt. No. 12. On March 18, 2013, Plaintiff filed his Memorandum in Opposition, a two-and-a-half page document that failed to address most of Defendants' arguments. *See* Dkt. No. 13. Instead, Plaintiff briefly recounted Fed. R. Civ. P. 8 pleading standards and stated that he had met those standards. *See id.* Defendants filed their reply, *see* Dkt. No. 14, and Defendant's Motion to Dismiss Complaint is fully briefed and pending.

On June 26, 2013, the Court entered an order requiring Plaintiff and Defendants' counsel to confer by July 10, 2013 and to file a joint status report and proposed scheduling plan by July 24, 2013. *See* Dkt. No. 15 at 1-2. On July 10, 2013, in compliance with the Court's June 26, 2013 Order, Defendants filed a status report informing the Court that Plaintiff was not responding to Defendants' attempts to confer with him pursuant to the Court's order. *See* Dkt. No. 16. The Court therefore entered another order, requiring Plaintiff and Defendants' counsel to confer by July 23, 2013 and to file a joint status report and proposed scheduling plan by August 2, 2013. *See* Dkt. No. 17. In the July 15, 2013 Order, the Court admonished Plaintiff that "failure to comply with this order may result in the undersigned's recommending to Judge Lynn that the Court dismiss Plaintiff's action for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 2.

On July 24, 2013, in compliance with the Court's July 15, 2013 Order, Defendants filed a status report informing the Court that Plaintiff was still not responding to Defendants' counsels attempts to confer with him. *See* Dkt. No. 18. On July 24, 2013, the Court entered a Show Cause Order, requiring Plaintiff and counsel

2

for Defendants to appear at a hearing on August 1, 2013 at 2:00 pm. *See* Dkt. No. 19. Plaintiff was ordered to attend in person to show cause why he should not be sanctioned for, after twice being ordered to do so, failing to confer with Defendants' counsel and timely submitting a scheduling proposal. *See id.*

Defendants' counsel appeared at the hearing, but Plaintiff did not. *See* Dkt. No. 20. At the hearing, Defendants argued for a sanction under Fed. R. Civ. P. 41(b) of dismissal with prejudice of Plaintiff's case. Defendants argued that dismissing Plaintiff's case with prejudice is warranted because Plaintiff brought a similar case in Texas state court and because there exists a deed that demonstrates that Plaintiff is not the owner of the property at issue, contrary to some representations made in his Complaint. As the undersigned requested, Defendants filed a copy of this deed on August 1, 2013. *See* Dkt. No. 21. Defendants did not explain how this deed affects their pending motion to dismiss, but the Court surmises that, if this additional evidence could properly be considered in connection with a Fed. R. Civ. P. 12(b)(6) motion, it might be related to, at the least, Plaintiff's claim for suit to quiet title. Regardless, the undersigned has taken note of, and reviewed, the filing but, as explained herein, does not rely on this document as a basis for the undersigned's recommendation.

The copies of the Court's orders that were mailed to Plaintiff's address have not been returned as undeliverable nor have the documents that were re-sent to Plaintiff by the district clerk pursuant to the July 15, 2013 Order been returned as undeliverable. The Court also notes that Plaintiff complied with the Court's February 15, 2013 Order setting the deadline for responding to Defendants' motion to dismiss.

3

Thus, the Court is not aware of any set of circumstances indicating that Plaintiff did not receive the Show Cause Order or any other of the Court's orders. The undersigned must now determine whether dismissal, with or without prejudice, is warranted under the circumstances.

**Legal Standards**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Further, the district court has discretion to impose sanction upon a party for failing "to obey a scheduling or pretrial order," and those sanctions include dismissal. FED. R. CIV. P. 16(f); *see also* FED. R. CIV. P. 37(b)(2)(c). "The same criteria developed for evaluating dismissals for failure to prosecute under [Rule 41(b)] are to be applied in a [R]ule 16(f) case." *Price v. McGlathery*, 792 F2d 472, 474 (5th Cir. 1986).

Because dismissal is a harsh sanction, the Court should not invoke it unless "'a clear record of delay or contumacious conduct by the plaintiff' exists and 'lesser

4

sanctions would not serve the best interests of justice.'" *Id.* (quoting *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982)). Before dismissing a case for failure to prosecute, the Court should find that one of the following aggravating factors is present: (1) delay cause by the plaintiff him or herself and not by his or her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *See id.*

## Analysis

Plaintiff's failure to comply with two orders requiring him to participate in the preparation of a joint status report justify dismissing this case for failure to prosecute and to comply with the Court's June 26, 2013, July 15, 2013, and July 24, 2013 Orders. Plaintiff's failure to contact Defendants' counsel and to appear at the Show Cause hearing, as required by the Court's order, evinces a lack of interest in pursuing his claims. This absence of an intent to prosecute his claims is further demonstrated by the fact that he responded to Defendants' motion to dismiss with only a brief response that did not substantively address the arguments in Defendants' motion.

The undersigned concludes, from these facts, that Plaintiff no longer wishes to pursue his claims. In short, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating [his] claims." *Godley v. Tom Green Cnty. Jail,* No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted,* 2012 WL 724650 (N.D. Tex. Mar. 6, 2012).

In addition, the undersigned finds that two of the three aggravating factors are present: the delay in this case has been caused by Plaintiff himself and was caused by

intentional conduct – or intentional inaction, which, under the circumstances, amounts to the same. Because Plaintiff is proceeding *pro se*, only Plaintiff can be blamed for the delay. And the delay has been caused by Plaintiff repeatedly ignoring the Court's orders. Indeed, any further progress in this case – were it to survive dismissal – has been stalled by Plaintiff's refusal to communicate with Defendants' counsel or comply with the Court's orders to facilitate the entry of a scheduling order for the further litigation of the case that Plaintiff has brought against Defendants.

The undersigned recognizes Defendants' request that Plaintiff's case be dismissed with prejudice in light of Plaintiff's prior state court case and the supplemental evidence submitted by Defendants. With respect to the supplemental evidence, the undersigned does not believe it appropriate at this stage and on the present posture of this case to rely on this deed alone as a basis to recommend dismissal of all of Plaintiff's claims with prejudice.

Defendants' request that the case be dismissed with prejudice appears to rest primarily on the fact that Plaintiff previously had his day in court. According to defense counsel's statements at the show cause hearing and Defendants' Motion to Dismiss, Plaintiff filed a similar case in state court on December 13, 2010, *see* Dkt. No. 11-2 at 3, and summary judgment was granted in that case on October 5, 2011, *see* Dkt. No. 11-3 at 2.

Having reviewed the briefing and evidence filed in connection with Defendants' motion to dismiss, but without making a recommendation on the merits of that motion, the undersigned notes that the only overlapping defendant between the state court

6

action and the instant case is EMC and that, further, not all of the same claims were alleged by Plaintiff in the state court action. In fact, Defendants have only moved for dismissal on res judicata grounds as to three of Plaintiff's causes of action and only as to EMC. *See* Dkt. No. 11 at 12-13. Therefore, that alleged ground for dismissal, if accepted, would not fully dispose of the case. Defendants also assert a statute of limitations defense as to Plaintiff's Truth in Lending Act claims, but that, too, if accepted, would only dispose of that one claim as a matter of law. While Defendants assert other grounds for dismissal in their motion to dismiss, no theory or ground for dismissal would appear to, if accepted, dispose of all of Plaintiff's claims as to all Defendants as a matter of law.

In this regard, the undersigned notes that the Court generally should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) "without giving the plaintiff an opportunity to amend." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); *see also Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-cv-2923-D & 3:97-cv-353-D, 2004 WL 789870, at *1 (N.D. Tex. Apr.12, 2004) ("Although the court granted [defendant's] motion to dismiss, it gave [plaintiff] one more opportunity to plead his best case, because he was proceeding *pro se*."). And the Fifth Circuit has set a high standard for dismissal with prejudice under Rule 41(b). *See Long*, 77 F.3d at 880; *Berry*, 975 F.2d at 1191.

Noting these standards and the fact that Plaintiff did, at the least, file an written response in opposition to Defendants' motion to dismiss, the undersigned does not find that dismissal with prejudice is warranted under the circumstances. Rather,

7

under the present circumstances of this case, the undersigned finds that dismissal of Plaintiff's case is warranted but that the dismissal should be without prejudice, and the undersigned finds that lesser sanctions would not serve the best interests of justice.

## Recommendation

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b). Upon dismissal of the case, Defendants' Motion to Dismiss [Dkt. No. 11] should be terminated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

9